UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION



FILED
JAMES BONINI
CLERK

2005 AUG 19 P 2: 17

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| MAX RACK, INC.<br>383 South 3rd Street<br>Columbus, Ohio 43215<br><br>Plaintiff,<br><br>vs.<br><br>HOIST FITNESS SYSTEMS, INC.<br>9990 Empire Street<br>Suite 130<br>San Diego, California 92129<br>Defendant. | Civil Action No. C2 05 784<br><br>Judge  JUDGE SMITH<br><br>MAGISTRATE JUDGE ABEL |

## COMPLAINT AND JURY DEMAND

Plaintiff, Max Rack, Inc. ("Max Rack"), by and through its attorneys, hereby complains and alleges against Defendant, Hoist Fitness Systems, Inc. ("Hoist Fitness") as follows:

### PARTIES

1. Plaintiff Max Rack is a corporation organized under the laws of Ohio and having its principal place of business at 383 South 3rd Street, Columbus, Ohio 43215.

2. Upon information and belief, Defendant Hoist Fitness is a California Corporation having its principal place of business at 9990 Empire Street, Suite 130, San Diego, California 92129.

### JURISDICTION & VENUE

3. This is a claim for patent infringement arising under the patent laws of the United States as set forth in Title 35 of the United States Code. This Court has

jurisdiction over the subject matter of the present claims pursuant to 28 U.S.C. §§1331 and 1338(a).

4. Venue against Defendant Hoist Fitness is proper in this District pursuant to 28 U.S.C. §1400(b), because, upon information and belief, Defendant either resides and/or has committed acts of infringement in this district.

5. Defendant Hoist Fitness is subject to personal jurisdiction in this judicial district because it is doing business and/or has caused injury to Plaintiff in this district.

### THE PATENTS AT ISSUE

6. Plaintiff MAX RACK is the assignee and owner of United States Patent No. 5,215,510 ("the '510 patent") entitled "DUAL-GUIDED EXERCISE APPARATUS" and United States Patent No. 5,669,859 ("the '859 patent") entitled "WEIGHTLIFTING APPARATUS", (collectively "the MAX RACK patents").

7. The '510 patent was filed on September 16, 1991, and was duly and properly issued on June 1, 1993. The '510 patent is hereby incorporated by reference herein, and a copy is appended hereto as Exhibit A.

8. The '859 patent was filed on November 21, 1995, and was duly and properly issued on September 23, 1997. The '859 patent is hereby incorporated by reference herein, and a copy is appended hereto as Exhibit B.

### CLAIM

9. Plaintiff MAX RACK adopts, realleges and incorporates by reference, as if fully set forth herein, Paragraphs 1 through 8 of this Complaint.

10. Defendant manufactures and sells exercise equipment.

2

11. On numerous occasions over the last several months, Plaintiff MAX RACK, directly and through counsel, notified Defendant of the MAX RACK patents of the concern over Defendant's manufacture, sale, use and /or offer to sell exercise equipment that infringes one or more claims of the '510 or '859 patents.

12. Defendant is infringing and contributing to the infringement and/or inducing the infringement of one or more claims of the MAX RACK patents by making, selling, using and/or offering to sell said exercise equipment.

13. Defendant's acts of infringement have caused, are causing, and will continue to cause irreparable injury to Plaintiff MAX RACK.

**WHEREFORE**, Plaintiff MAX RACK respectfully demands judgment from this Court against Defendant, its successors, subsidiaries, affiliates, officers, agents, servants, employees, and all persons in active concert or participation as follows:

(A) An order and/or declaration that Defendant has and is continuing to infringe one or more claims of the MAX RACK patents;

(B) An injunction, permanently enjoining Defendant, its successors, subsidiaries, affiliates, officers, agents, servants, employees and all persons in active concert or participation with it, each and all of them, from infringing, inducing the infringement, and/or contributing to the infringement of the MAX RACK patents;

(C) An award of damages to Plaintiff MAX RACK, sufficient to adequately compensate Plaintiff for all of Defendant's acts of infringement;

(D) An award of prejudgment interest to Plaintiff MAX RACK on all sums recovered from Defendant;

(E) An order directing Defendant to file with the Court and serve upon Plaintiff MAX RACK within thirty (30) days after the issuance by this Court of any injunction, a report, in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with said injunction; and

(F) An award to Plaintiff MAX RACK of such other and future relief as may be provided by law.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff MAX RACK hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

Dated: Aug. 19, 2005

Counsel for Plaintiff, MAX RACK, INC.
Jeffrey S. Standley, Ohio Bar No. 0047248
F. Michael Speed, Jr., Ohio Bar No. 0067541
STANDLEY LAW GROUP LLP
495 Metro Place South, Suite 210
Dublin, Ohio 43017
(614) 792-5555
(614) 792-5536 FAX
jstandley@standleyllp.com
mspeed@standleyllp.com

4